UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
GREGORY BYRD,                       :
                                    :    Civil Action No. 12-5683 (RMB)
            Petitioner,             :
                                    :
       v.                           :    **OPINION**
                                    :
CHARLES WARREN, et al.,             :
                                    :
            Respondents.            :
_____:

This matter comes before the Court upon Petitioner's § 2254 petition ("Petition"), which arrived accompanied by the $5.00 fee. See Docket Entry No. 1.

Petitioner is a state inmate currently confined at the New Jersey State Prison. He is challenging his conviction rendered by the Superior Court of New Jersey, Law Division, Atlantic County, on January 12, 1989. See id. at 3. Petitioner stated that his conviction was affirmed by the Superior Court of New Jersey, Appellate Division, on July 9, 1990. See id. at 4. He also stated that the Supreme Court of New Jersey denied him certification as to his direct appellate challenges on September 21, 1990. See id. In addition, Petitioner asserted that: (a) on March 19, 1992, he filed an application seeking post-conviction relief ("PCR"), see id. at 5, and – after the Law Division denied it on June 8, 1992, the Appellate Division affirmed said denial on June 17, 2008, and the Supreme Court of New Jersey denied him certification as to his PCR challenges on March 3, 2010. See id.

at 5-6.[1]  Petitioner executed his Petition at bar on August 23, 2012, that is, two and a half years after the date when, "allegedly," the Supreme Court of New Jersey denied him certification as to PCR challenges.  See id. at 17.

Since Petitioner's assertion as to an eighteen-year PCR proceeding cannot withstand the test of common sense, this Court conducted its own research.  Cf. Thornton v. Micrografx, 878 F. Supp. 931, 938 (N.D. Tex. 1995) ("The court refuses to leave its common sense at the courthouse steps").  That research revealed a decision rendered by the Appellate Division on March 13, 2012. See State v. Byrd, 2012 WL 787267 (N.J. Super. Ct. App. Div. Mar 13, 2012).  This decision supplied the Court with the following time-line:

> On April 8, 1992, [Petitioner] filed a PCR [application] . . . .  The Law Division denied [it, the Appellate Division] affirmed [on February 25, 1994. See] State v. Byrd, No. A-6002-91 (App. Div. Feb. 25, 1994) (slip op. at 4), and the Supreme Court denied certification [on May 12, 1994.  See] State v. Byrd, 137 N.J. 164 (1994).  Fourteen years later, and almost twenty years after entry of his judgment of conviction, [Petitioner] filed his second PCR petition on June 17, 2008 . . . .  The Law Division judge denied relief, finding the PCR petition time-barred under Rule 3:22-12 and that neither "exceptional circumstances" nor sufficient justification had been demonstrated.

Id. at *1.

---

[1]  In other words, Petitioner alleges that the state courts took *eighteen years* to address his PCR challenges, i.e., from March 19, 1992, to March 3, 2010.

2

*That* Law Division's decision was affirmed by the Appellate Division on March 13, 2012, and – with regard to *those* Law Division's and Appellate Division's decisions – the Supreme Court of New Jersey denied Petitioner certification: *on July 12, 2012.*[2] A month and a half after *that* denial, that is, on August 23, 2012, Petitioner executed his Petition at bar.[3]

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period starts to run from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" upon conclusion of direct review or at the expiration of time to seek such review. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999). In the event an inmate's judgment of conviction finalized prior to the enactment of the AEDPA, April 24, 1996, the one year grace period began on the date following the enactment, i.e., on April 25, 1996, and

---

[2] Therefore, Petitioner's assertion that the Supreme Court of New Jersey denied him certification as to his PCR challenges on March 3, 2010, appears to be a figment of his imagination.

[3] The Clerk received the Petition on September 13, 2013. See Docket Entry No. 1. However, construing all information available in terms most favorable to Petitioner, the Court presumes that he handed his Petition to his prison officials for mailing to this Court on the date when he executed it.

expired on April 24, 1997.  See Douglas v. Horn, 359 F.3d 257, 261 n.5 (3d Cir. 2004) (detailing the calculation); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases).

Petitioner's first PCR application, which was commenced and concluded prior to the enactment of the AEDPA is of no relevance for the purposes of this Court's timeliness analysis.  Moreover, Petitioner's second PCR application, filed on June 17, 2008, that is, eleven years and two months after Petitioner's AEDPA grace period expired, is also of no relevance for the purposes of this Court's timeliness analysis.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (a PCR application filed after expiration of the inmate's AEDPA period cannot trigger statutory tolling that might render a § 2254 habeas petition timely); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).  A fortiori, Petitioner's PCR application dismissed by the state courts as untimely could not have had any statutory tolling effect, even during the period when the state courts were having it on their dockets and ruling upon it.  See Evans v. Chavis, 546 U.S. 189, 191 (2006); Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir. 2013).  Therefore, by the time Petitioner executed his Petition, it has been untimely since April 24, 1997, i.e., for *fifteen and a half years*.

Thus, unless Petitioner qualifies for equitable tolling covering these fifteen and a half years, his Petition must be dismissed. Cf. Holland v. Florida, 560 U.S. 631 (2010); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. .

"A litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); accord Holland, 560 U.S. 631. Unlike in state fora, a litigant's excusable neglect is insufficient to trigger equities for the purposes of federal habeas review. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Rather, federal equitable tolling could be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. at 2562 (relying on Pace, 544 U.S. at 418). Moreover, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of

5

causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, the Petition offers this Court no basis for equitable tolling. Petitioner's attachments merely replicate his brief filed with the Appellate Division in connection with his second PCR proceedings; it states nothing but Petitioner's belief that the Law Division erred by refusing to "relax" the state rules as to timeliness. See generally, Docket Entry No. 1. Hence, this Court is constrained to dismiss the Petition as untimely.[4]

In conjunction with making such finding, the Court is obligated to determine whether the Petition, as filed, warrants issuance of a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the is a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

---

[4] Notably, under Petitioner's time-line of events (which has no support in public record), the Petition is also untimely, being filed two and a half years after the Supreme Court of New Jersey "allegedly" denied Petitioner certification as to his PCR.

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this Court debatable.

Based on the foregoing, the Petition will be dismissed as untimely, and no COA will issue.[5] An appropriate Order follows.

                                 s/Renée Marie Bumb
                                 **RENÉE MARIE BUMB**
                                 **United States District Judge**

Dated: January 7, 2014

---

[5] However, being mindful of the Court of Appeals' guidance that district courts should provided that petitioners with notice and an opportunity to respond, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), the Court will retain jurisdiction over this matter for sixty days so to allow Petitioner an opportunity to state his grounds for equitable tolling, if any, covering his fifteen-and-a-half year gap.