<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
GREGORY BYRD,                       :
                                    : Civil Action No. 12-5683 (RMB)
         Petitioner,                :
                                    :
    v.                              : **<u>MEMORANDUM OPINION AND ORDER</u>**
                                    :
CHARLES WARREN, et al.,             :
                                    :
         Respondents.               :
_____:

**BUMB**, District Judge:

    This matter comes before the Court upon Petitioner's written statement, <u>see</u> Docket Entry No. 6, which: (a) was submitted in response to this Court's prior order and accompanying opinion, <u>see</u> Docket Entries Nos. 2 and 3; and (b) prompted restoration of this matter to this Court's active docket.  <u>See</u> Docket Entry No. 7.

    Petitioner is a state inmate currently confined at the New Jersey State Prison, Trenton, New Jersey.  He is challenging his conviction rendered by the Superior Court of New Jersey, Law Division, Atlantic County, on January 12, 1989.  <u>See</u> <u>id.</u> at 3.  As this Court already extensively detailed in its prior decision, Petitioner's challenges are untimely by more than fifteen years.  <u>See</u> Docket Entry No. 2, at 1-4.  Correspondingly, he was allowed to submit a written statement establishing a valid basis for equitable tolling.  <u>See</u> <u>id.</u> at 5-6, <u>see</u> <u>also</u> Docket Entry No. 3.

In response to the Court's guidance, Petitioner submitted the written statement at bar, see Docket Entry No. 6, stating:

> As to the timeliness of [his P]etition and [the] requirements imposed by [the] AEDPa, Petitioner readily admits that he has [experienced] no "exceptional circumstances" . . . . [T]his Court [however] should [still] find that the AEDPA presents no bar to relief . . . .

Id. at 4 (citing the state courts' procedural rules allowing for relaxation of the *state* statute of limitations).

Petitioner's position provides this Court with no basis for equitable tolling. As this Court already explained, the state rules (allowing for relaxation of the state statute of limitations on the basis of a litigant's excusable neglect) do *not* apply on federal habeas review. And, contrary to what appears to be Petitioner's belief, this Court cannot just ignore the AEDPA timeliness requirement. While not presenting a jurisdictional bar to adjudication, the timeliness requirement is faithfully enforced by the courts and is abrogated if, and only if, the litigant establishes a valid equitable basis for such a measure. Here, Petitioner's statement at bar verifies that Petitioner has no such basis. Correspondingly, the Court is constrained to find that the Petition shall remain dismissed as untimely, with no certificate of appealability issued.

IT IS, therefore, on this **6th** day of **January 2015**,

**ORDERED** that the Petition, Docket Entry No. 1, shall remain dismissed as untimely; and it is further

**ORDERED** that no certificate of appealability shall issue; and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**